UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| | * | Criminal Case No. 15-30028-MGM |
| v. | * | |
| | * | |
| VICTOR STEPUS, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO SUPPRESS AND
MOTION TO DISMISS
(Dkt. Nos. 208 & 206)

February 16, 2018

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Defendant Victor Stepus is charged with receipt and possession of material involving the sexual exploitation of minors in violation 18 U.S.C. section 2252(a)(2) and (a)(4)(B). Before the Court are Defendant's "Amended Motion to Suppress" (Dkt. No. 206) and his "Motion to Dismiss for Outrageous Government Conduct" (Dkt. No. 208). The parties have briefed both motions, on which the Court held oral argument on Friday, February 9, 2018. For the reasons below both motions are DENIED.[1]

## II. MOTION TO SUPPRESS (Dkt. No. 206)

Defendant's Motion to Suppress seeks to exclude all evidence obtained during the seizure and search of his computer on August 21, 2015. When represented by prior counsel, Defendant previously moved to suppress the same materials on other grounds. In the prior motion, Defendant

---

[1] The relevant facts are well known to the parties and have been canvased by innumerable other judicial opinions. *See, e.g.*, *United States v. Levin*, Civ. No. 15-10271-WGY, 2016 WL 2596010 (D. Mass. May 5, 2016). Accordingly, the facts and history of this case are only recited here to the extent necessary for resolution of each motion.

argued the evidence was excludable because it had been acquired under a warrant that issued in the Eastern District of Virginia and therefore in violation of Federal Rule of Criminal Procedure 41. (Dkt. No 100). This court, noting a split of authorities on whether the good faith exception to the exclusionary rule discussed in *United States v. Leon*, 468 U.S. 897 (1984) applied to the Virginia warrant, denied the motion and adopted the reasoning in Judge Saris' opinion in *United States v. Anzalone*, 208 F. Supp. 3d 358 (2016), which addressed nearly identical arguments challenging the validity of that warrant.[2] . The First Circuit has since addressed the same issue in *United States v. Levin*, when reversing a district court holding at odds with *Anzalone*, and held that "because the government acted in good faith reliance on the [Virginia] warrant, and because the deterrent effects on law enforcement do not outweigh the great cost to society of suppressing the resulting evidence, suppression is not warranted." 874 F.3d 316, 324 (1st Cir. 2017). The present motion challenges the same Virginia warrant on new grounds, contending that it lacked probable cause. (*See* Dkt. 206). This court now denies the motion, finding the warrant was supported by ample probable cause, and holds, regardless of that finding, that the good faith exception applies in light of the First Circuit's broad holding in *Levin*.

As for probable cause, the court again adopts the reasoning set forth by Judge Saris in *Anzalone*. As explained there, "Agent Macfarlane's affidavit establishes a fair probability that an individual who downloaded a Tor browser, located the Playpen site, entered an email address and password, and logged in did so with the purpose of accessing child pornography." *Anzalone*, 208 F. Supp. 3d at 366–67. In arguing to the contrary, Defendant ignores a range of facts provided in the

---

[2] Both the prior and the instant do not challenge the warrant that authorized the search of Defendant's home in Massachusetts. Rather, they challenge the "underlying" warrant issued by a magistrate judge in the Eastern District of Virginia. That warrant authorized use of a network investigating technique ("NIT") by which federal agents gathered evidence from computers used to visit "Playpen," a child pornography website the government previously seized and maintained for several weeks. The NIT was deployed in this manner gathered information from Defendant's computer, including its IP and MAC addresses, and that information led to a warrant issued by Judge Katherine Robertson allowing for search and seizure of items at Defendant's residence in Massachusetts.

affidavit and narrowly focuses on the images presented at the Playpen homepage. (*See* Dkt. No. 207, Def.'s Memo., at 1 ("Because there were no other facts which would establish probable cause for any given visitor, any probable cause that existed had to flow from the contents of the home[page] . . . .").) As Judge Saris and multiple other courts have explained, however, when considered alongside the totality of the circumstances attested to in the warrant affidavit—including the anonymity of the TOR network, the illegal contents available within the Playpen site, the unlikelihood that a user's encounter with the site would be accidental—the contents of the homepage provide an ample basis to believe that those accessing the site did so with the intent of accessing child pornography. *Anzalone*, 208 F. Supp. 3d at 366–67; *United States v. Matish*, 193 F. Supp. 3d 585, 603 (E.D. Va. 2016); *United States v. Brooks*, No. 16-CR-6028L, 2017 WL 3835884, at *10 (W.D.N.Y. Aug. 31, 2017). Indeed, all "[t]he courts that have analyzed the NIT Warrant have all found that it was supported by probable cause." *Unitied States v. Henderson*, No. 15-CR-00565, 2016 WL 4549108, at *4 (N.D. Cal. Sept. 1, 2016). In short, when viewed as a whole, the affidavit more than established probable cause.

Moreover, suppression would not be warranted in this case even in the absence of probable cause. The First Circuit has essentially already held as much in *Levin*. There, the court addressed challenges to the same Virginia warrant at issue here and broadly stated "[r]egardless of whether a Fourth Amendment violation occurred, the facts of this case show that the *Leon* good-faith exception applies." 874 F.3d at 321. In arguing to the contrary at oral argument, counsel correctly noted that *Levin* did not consider a challenge to probable cause. Nevertheless, the First Circuit's broad statement that the good faith exception applies to the very warrant at issue "regardless of . . . Fourth Amendment violation[s]" renders the distinction all but academic. Accordingly, although the motion was well-argued, it must be denied for the reasons above.

### III.   MOTION TO DISMISS (Dkt. No. 210)

Defendant's motion to dismiss invokes a due process defense originally discussed in *United States v. Russell*, 411 U.S. 423 (1973). There, after rejecting an entrapment defense raised by a defendant convicted of manufacturing methamphetamine made with government-supplied phenyl-propane, the Court noted in passing that it "may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction," but concluded that the case before it did raise facts with such constitutional implications. *Id.* at 431–32.[3] Since *Russell*, however, innumerable criminal defendants have invoked the case, as Defendant does here, in arguing that "outrageous government conduct" violates due process and merits dismissal.

In addressing these arguments, the First Circuit has recognized that "[i]n limited circumstances, courts may dismiss criminal charges in response to outrageous government misconduct." *United States v. Djokich*, 693 F.3d 37, 43 (1st Cir. 2012). "But the law frowns on the exoneration of a defendant for reasons unrelated to his guilt or innocence, and, accordingly, the power to dismiss charges based solely on government misconduct must be used sparingly." *United States v. Guzman*, 282 F.3d 56, 59 (1st Cir. 2002). Therefore "the outrageous government misconduct doctrine is reserved for the most appalling and egregious situations," *id.*, and "permits dismissal of criminal charges only in those very rare instances when the government's misconduct is so appalling and egregious as to violate due process by 'shocking ... the universal sense of justice.'" *United States v.*

---

[3] In federal courts, the entrapment defense is "neither a doctrine of constitutional dimension, nor a defense specifically granted by statute." *United States v. Luisi*, 482 F.3d 43, 52 (1st Cir. 2007) (citing *Russell*, 411 U.S. at 432-33). "Rather, the defense has its origins in an inference about congressional intent." *Id.* (citing *Sherman v. United States*, 356 U.S. 369, 372 (1958). As The Supreme Court has explained, the "function of law enforcement is the prevention of crime and the apprehension of criminals. Manifestly, that function does not include the manufacturing of crime . . . . Congress could not have intended that its statutes were to be enforced by tempting innocent persons into violations." *Sherman*, 356 U.S. at 372. Defendant has not raised entrapment as a defense, and moves only on due process grounds.

*Luisi*, 482 F.3d 43, 59 (1st Cir. 2007) (quoting *Russell*, 411 U.S. at 432); *see also United States v. Santana*, 6 F.3d 1, 4 (1st Cir. 1993) ("[T]he doctrine is moribund; in practice, courts have rejected its application with almost monotonous regularity.")

Here, Defendant has not provided any cases in which this defense has been successfully raised—on *any* facts or in *any* case—while the government has cited no fewer than twenty-four cases in which courts have denied the defense when targeted at the exact same government actions during the Playpen investigation the Defendant challenges here. The court now joins that roster and holds the government's conduct did not violate Defendant's due process rights. The First Circuit has plainly held that "fundamental fairness is not compromised in a child pornography case merely because the government supplies the contraband.*" United States v. Gifford*, 17 F.3d 462, 471 (1st Cir. 1994). The Defendant's efforts to distinguish that holding by comparing the number of images involved are not persuasive. Accordingly, the motion to dismiss must be denied.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge